IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KALYNN MARIE MOSKALOFF,<br><br>Defendant. | CR 21–23–M–DWM<br><br>ORDER |

On May 31, 2024, Defendant Kalynn Marie Moskaloff filed a motion under 18 U.S.C. § 3582(c)(1)(A) to reduce her 120-month federal drug sentence. (Doc. 47; *see* Doc. 44 (Judg.).) Her projected release date is December 29, 2028. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed Sept. 30, 2024). On June 3, 2024, counsel was appointed to represent the defendant. (Docs. 48, 49.) Appointed counsel filed an amended motion on August 26, 2024. (Doc. 52.) The government opposes. (Doc. 53.) For the reasons stated below, the defendant's motion is denied.

## ANALYSIS

The First Step Act of 2018 gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons ("BOP") and the reduction: (1) is consistent with the applicable

1

policy statements of the Sentencing Commission, (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a), and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). Here, Moskaloff argues that early release is warranted by the fact she received a ten-year sentence on her first drug offense despite having no criminal history. Because that argument neither identifies an "extraordinary and compelling" reason recognized by the Sentencing Commission nor adequately reflects all of the facts underlying the Court's assessment of the § 3553(a) factors, her motion for compassionate release is denied.

## I. Exhaustion of Administrative Remedies

A defendant may only file a motion for compassionate release with the district court once she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Moskaloff filed a request for relief with the warden at her facility on June 11, 2024 (Doc. 52 at 9), and she received no response. Moskaloff has therefore exhausted her administrative remedies as required by statute.

## II. Extraordinary and Compelling Reasons[1]

The Sentencing Guidelines provide explicit examples of what constitutes an "extraordinary and compelling reason," such as a defendant's serious medical condition or a subsequent change in sentencing law. *See* USSG §1B1.13(b). Notably absent from this list, however, is a reduction based solely on the imposition of a mandatory minimum sentence. Here, Moskaloff received the 10-year mandatory minimum sentence required by her offense of conviction. *See* 21 U.S.C. § 841(b)(1). The First Step Act does not give this Court the authority to subvert that Congressional directive absent the requisite showing of "extraordinary and compelling" reasons. As argued by the government, Moskaloff fails to identify a single provision of §1B1.13(b) that applies here. Rehabilitation, to the extent her briefing could be read to rely on such grounds, is not sufficient on its own. *See* USSG §1B1.13(d) ("[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement."); *see also United States v. Willis*, 663 F. Supp. 3d 1203, 1211 (D. Or. 2023) ("[A] Defendant's clean prison record and steps toward rehabilitation are only relevant to the analysis if other factors are extraordinary and compelling."). Thus, Moskaloff

---

[1] Although the substance of the government's argument on this point is compelling, the government appears to once again cite to an old version of the Guidelines. (*See* Doc. 53 at 3.) The government is reminded that the Guidelines were amended significantly in November 2023, especially as it relates to the provisions of §1B1.13.

3

fails to meet the threshold requirement of showing that "extraordinary and compelling" circumstances warrant a sentence reduction.

### III. Section 3553(a) Factors

Even if an extraordinary and compelling reason did exist to reduce Moskaloff's sentence, demonstrating such a reason meets only one element of § 3582(c)(1)(A). Any relief granted must be consistent with the federal sentencing objectives set forth in 18 U.S.C. § 3553(a). Pertinent factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

Here, Moskaloff argues that the § 3553(a) factors justify early release as she is young, has no criminal history, her conviction did not involve violence, she was an addict coping with the death of her child, and she has taken advantage of all the rehabilitation and educational opportunities offered. (*See* Doc. 52 at 4.) However, Moskaloff's recitation of the facts does not reflect the full record of the case.

4

First, the offense of conviction was very serious and involved significant amounts of methamphetamine. Moskaloff pled to distributing at least 500 grams of methamphetamine, which triggered a mandatory, ten-year sentence. Additionally, Moskaloff was reported to carry a firearm as part of her drug activities, which resulted in a two-level Guideline enhancement. (*See* PSR ¶ 38.)

Second, while Moskaloff's criminal history may not have been scored, her record is not as spotless; rather, Moskaloff had four juvenile dispositions, (PSR ¶¶ 48–51), one pending felony charge for distribution of dangerous drugs in Flathead County, (PSR ¶ 56), and two dismissed charges, including one for assaulting a family member, (PSR ¶¶ 57–58). Thus, her criminal history may have been scored a zero, but her personal history, *see* 18 U.S.C. § 3553(a)(1), shows this was not her first foray into criminal conduct.

Third, Moskaloff indicates that her crime was nonviolent. (*See* Doc. 52 at 4.) This assertion stretches the facts on several levels. Not only did Moskaloff receive a firearm enhancement as discussed above, (PSR ¶ 38), but the discovery contained jails calls wherein Moskaloff indicated an alarming willingness to engage in violence to achieve her goals. (*See* PSR ¶¶ 30, 31.) This also raises concerns about Moskaloff's risk to the community. *See* 18 U.S.C. § 3142(g).

Ultimately, Moskaloff received a sentence in this case that was mandated by the Congress. But even if there had been any sentencing discretion, Moskaloff's

5

advisory Guideline range was still 87 to 108 months. (PSR ¶ 77.) At this point, Moskaloff has served less than half of that time. Reducing Moskaloff's sentence to the partial sentence she has served to date would denigrate the seriousness of her crimes and undermine respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A)–(C). Thus, the 18 U.S.C. § 3553(a) sentencing factors weigh against early release.

## CONCLUSION

Accordingly, IT IS ORDERED that the defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), (Docs. 47, 52),[2] is denied.

DATED this 30th day of September, 2024.

_____
Donald W. Molloy, District Judge
United States District Court

---

[2] In her request to the warden, Moskaloff also requests relief as a "zero-point offender" under Amendment 821. (*See* Doc. 52 at 9.) Moskaloff does not qualify for a reduction under this provision, however, as she was sentenced pursuant to a statutory mandatory minimum and was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered." 18 U.S.C. § 3582(c)(2).